UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSEPH HOLT,

       Plaintiff,

v.                                          Case No.  5:11-cv-526-Oc-10TBS

DANIEL BROWN, et al.,

       Defendant.

_____/

## ORDER

Pending before the Court is Defendants, Daniel Brown and Reliable Constructors, Inc.'s Second Motion to Strike Plaintiff's Response to Defendants' Motion to Dismiss (Doc. No. 43).

The plaintiff instituted this action in the United States District Court for the Western District of Tennessee (Doc. 1).  The parties subsequently stipulated and agreed that this case should be transferred to the Middle District of Florida and on September 2, 2011, the District Court in Tennessee entered its Order transferring the case to this Court (Doc. 23).

On September 27, 2011, counsel for plaintiff motioned this Court to expedite his admission to the Bar pro hac vice and the next day, this Court granted the motion (Doc. 32 and 33).  On September 30, 2011, defendants, Daniel Brown and Reliable Constructors, Inc. moved this Court to dismiss plaintiff's complaint.  The motion alleges that Mr. Brown has not been served with original process and that the time within to serve him has elapsed.  It also alleges that Reliable Constructors has not been served with original process as required by law.  (Doc. 36).  On October 12,

2011, the plaintiff's lawyer participated in the admissions ceremony and was admitted to practice in this Court.  Prior to his admission, he says did not believe it was appropriate for him to act in this case.  (Doc. 45).

Five days after plaintiff's counsel was admitted to this Court's Bar he filed a response to the motion to dismiss (Doc. 39).  Defendants, Daniel Brown and Reliable Constructors motioned this Court to strike plaintiff's response on the ground that it was untimely.  This Court denied the motion without prejudice because it did not comply with Local Rule 3.01(g).  (Doc. 40 and 41).  The defendants re-filed their motion to strike (Doc. 43), including a certificate pursuant to Local Rule 3.01(g), the plaintiff has not responded and the time for doing so has passed.

The sole reason the defendants give why the plaintiff's response to their motion to dismiss should be stricken is that it was filed beyond the time permitted in Local Rule 3.01(b).  The Rule states that each party opposing a motion shall file a response that includes a memorandum of law within 14 days after service of the motion.

This situation could have been avoided had plaintiff engaged a lawyer already admitted to the Bar of the Middle District of Florida when the case was transferred. Plaintiff would also have been better served if his attorney, once admitted to this Court's Bar, had filed a response to the second motion to strike.

The plaintiff's failure to comply with Local Rule 3.01(b) has not delayed the prosecution of this case and controversies are best resolved when the Court has the benefit of both sides arguments and authorities.  In deciding whether Mr. Brown and Reliable Constructors are properly before this Court, it should consider the plaintiff's

arguments.  Therefore, despite plaintiff's failure to comply with Local Rule 3.01(b) the motion to strike is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on December 20, 2011.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel